UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN SABBOTA,

           Plaintiff,        Civil Action No. 17-12477
                                    Honorable Denise Page Hood
                                    Magistrate Judge David R. Grand
v.

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT [1] FOR FAILURE TO PROSECUTE**

### I.    RECOMMENDATION

*Pro se* Plaintiff Steven Sabbota ("Sabbota") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act").[1] Because Sabbota has failed to file his motion for summary judgment, despite repeated extensions and an order to show cause from the Court; has otherwise offered no excuse for his failure to comply with the Court's orders; and for the other reasons discussed below, the Court **RECOMMENDS** that Sabbota's complaint **(Doc. #1)** be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### II.    REPORT

####      A.    Background

On November 13, 2017, the Court directed the parties to file their respective motions for summary judgment, Sabbota by December 13, 2017, and the Commissioner by January 12, 2018.

---

[1] At the administrative level, Sabbota was represented by attorney Barry Olinger. (Tr. 29).

(Doc. #14).

On December 12, 2017, the Court received an untitled, handwritten document from Sabbota, requesting an extension of time – of "maybe 30-60 days" – to file his motion in this case because he was "seeking legal representation." (Doc. #15). As a result, the Court extended the time for the filing of Sabbota's motion for summary judgment to January 26, 2018. (Doc. #16).

On January 26, 2018, the date Sabbota's motion was due, the Court received from him a second untitled, handwritten document, this time requesting "at least 4 more months" to find counsel and have him or her file a motion for summary judgment on his behalf. (Doc. #17). Upon consideration, the Court found that an additional 90-day extension was more than sufficient for Sabbota to attempt to find an attorney and file his motion for summary judgment in this case. (Doc. #18). Thus, the Court granted Sabbota "an additional **90 days**, or until **April 26, 2018**, to file his Motion for Summary Judgment, **regardless of whether he has hired an attorney by that date**." (*Id.* at 2 (emphasis in original)).

Subsequently, Sabbota filed a Request for Appointment of Counsel (Doc. #19), which the Court denied on March 6, 2018 (Doc. #20). In that Order the Court again stated:

> Per this Court's Order dated January 29, 2018, Sabbota's Motion for Summary Judgment shall be due **April 26, 2018**. (Doc. #18). To ensure that the Court can fully consider Sabbota's claims, any such Motion for Summary Judgment should: **(1) identify any particular aspect of the ALJ's decision that Sabbota believes is incorrect; (2) explain why this is so; and (3) cite to the particular transcript pages that support his position.**

(*Id.* at 1-2 (emphasis in original)). Despite these multiple extensions, providing Sabbota with more than five months after the filing of the administrative transcript in this matter to file his motion for summary judgment, he failed to do so.

As a result, on May 10, 2018, the Court issued an Order to Show Cause, requiring

Sabbota to respond on or before May 25, 2018, informing the Court as to why it should not recommend dismissal of his complaint pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and adhere to a Court order. (Doc. #21). In the alternative, Sabbota was directed to file his motion for summary judgment on or before that date. (*Id.*). As it had done previously, the Court explained to Sabbota the type of information his motion for summary judgment was to contain. (*Id.*). To date, however, Sabbota has neither responded to the Court's Order to Show Cause nor filed his summary judgment motion. Notably, none of the Court's prior orders have been returned as undeliverable.

**B.     Analysis**

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue

3

delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Sabbota's failure to take action in this case is due to willfulness, bad faith, or fault. However, the Court notes that, even after it provided Sabbota with two extensions beyond the original due date for the filing of his motion for summary judgment (Docs. #16, 18), and then warned him that a failure to timely respond to the order to show cause might result in dismissal of his case for failure to prosecute (Doc. #21), Sabbota failed to either file his motion or explain to the Court his inability to do so. Thus, the first[2] and third factors weigh in favor of dismissal. As to the second factor, there is little prejudice to the Commissioner here, as Sabbota's failure simply results in a delay of litigation. However, the fourth factor weighs heavily in favor of dismissal, as Sabbota has been given a clear warning that his case would be dismissed if he did not file his motion or otherwise respond to this Court's orders. Given Sabbota's failure to substantively participate in this case since the

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*

filing of the complaint, this Court sees no utility in imposing lesser sanctions. Under these circumstances, "dismissal is the only appropriate remedy" because Sabbota "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013).[3]

The Court also notes that Sabbota's complaint gives no indication whatsoever as to *why* he believes he is entitled to relief. Sabbota cannot leave it to the Court to scour the record for evidence supporting his claims. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted). Nevertheless, the Court acknowledges a line of cases from this district requiring courts to conduct an independent review of the record to ensure that the ALJ's decision is supported by substantial evidence. *See, e.g., Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *1 (E.D. Mich. Dec. 27, 2010) (holding that a Social Security plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint"). In satisfaction of this requirement, the Court has reviewed the ALJ's

---

[3] This outcome is consistent with the prevailing practice throughout this district. *See, e.g.*, *Gayles v. Comm'r of Soc. Sec.*, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Mason v. Comm'r of Soc. Sec.*, 2013 WL 5423050, at *1 (E.D. Mich. Sept. 26, 2013) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b) where plaintiff failed to file motion for summary judgment, as directed by the court); *McNaughton v. Comm'r of Soc. Sec.*, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J.) (same); *Yax v. Comm'r of Soc. Sec.*, 2011 WL 3034914, at *1 (E.D. Mich. July 25, 2011) (Battani, J.) (same); *Stennis v. Comm'r of Soc. Sec.*, 2012 WL 3758096, at *1 (E.D. Mich. Aug. 30, 2012) (Hood, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)); *Smith v. Comm'r of Soc. Sec.*, 2012 WL 4511251, at *1-2 (E.D. Mich. Oct. 1, 2012) (Steeh, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)).

decision in this case and finds it to be thorough and supported by substantial evidence of record.

In particular, the Court notes that the ALJ found Sabbota to have the severe impairments of affective disorder (which has been described as major depressive disorder), dysthymia and depressive disorder, heart valve disorder with murmur, left shoulder adhesive capsulitis with potential tendonitis of the long head of the triceps, anxiety, and degenerative disc disease of the lumbar spine. (Tr. 15). The ALJ then found that Sabbota's impairments do not meet or medically equal a listed impairment. (*Id.*). The ALJ specifically considered listings 1.02 ("Major dysfunction of a joint(s) (due to any cause")) and 1.04 ("Disorders of the spine") and found no evidence that Sabbota's impairments meet either listing. (Tr. 15-16). The ALJ also concluded that Sabbota's mental impairments do not meet Listing 12.04(B) ("Depressive, bipolar and related disorders") or 12.06(B) ("Anxiety and obsessive-compulsive disorders"), based on the fact that Sabbota's function report and hearing testimony support a determination of only mild to moderate difficulties in activities of daily living, social functioning, and concentration, persistence, or pace, with no evidence of any episodes of decompensation. (Tr. 16, 226-33). In addition, the ALJ noted that the record is devoid of any "medically documented history of a chronic affective disorder" satisfying the criteria set forth in Listing 12.04(C) or 12.06(C). (Tr. 17).

After concluding that Sabbota suffered from severe impairments, the ALJ assessed Sabbota's residual functional capacity ("RFC"), concluding that he is capable of performing light work, with the following additional limitations: requires a sit/stand option with the ability to change positions every 20 minutes, when needed, without disturbing the workplace; occasional climbing of ramps and stairs, but no climbing of ladders, ropes, or scaffolds; frequent balancing and stooping; no kneeling, crouching, or crawling; no exposure to unprotected heights or moving

mechanical parts; no operating a motor vehicle[4]; limited to simple, routine, and repetitive tasks, but not at a production rate pace; with respect to the use of judgment in the workplace, limited to simple, work-related decisions; occasional contact with coworkers and supervisors, with no tandem work; no contact with the public; and with respect to changes in the work setting, limited to simple, work-related decisions. (*Id.*).

In formulating Sabbota's mental RFC, the ALJ considered the August 1, 2014 opinion of consultative psychological examiner Hugh Bray, Ph.D., who diagnosed Sabbota with major depressive disorder, recent, moderate with anxious distress. (Tr. 18, 315). The ALJ gave great weight to Dr. Bray's opinion that Sabbota is mildly to moderately impaired in the ability to understand, remember, and carry out tasks and maintain concentration, persistence, or pace, but is able to perform simple, repetitive tasks and likely will have "minimal" difficulty performing multi-step tasks. (Tr. 19, 312-16). The ALJ also noted the absence of evidence of psychiatric treatment since 2011, as well as Sabbota's testimony that he chose not to take medication his psychologist had prescribed, finding that his "noncompliance with some treatments and refusal of others undermines his allegations of disabling symptoms[.]" (Tr. 20, 48).[5] And, finally, the ALJ gave great weight to the state agency psychiatric consultant's opinion that Sabbota retains the mental capacity to meet the demands of simple work activity. (Tr. 20, 92).

With respect to Sabbota's physical impairments, the ALJ noted that an October 2014 lumbar spine MRI showed moderate bilateral neural foraminal stenosis at L5-S1; facet

---

[4] Sabbota testified that he has a valid driver's license, but is only able to drive 30-45 minutes at a time due to his back pain. (Tr. 42).

[5] Sabbota also testified that he is "not antisocial," and that "[i]f I'm in a store I - - there's no problem because I just mind my own business and you know go about my business." (Tr. 49). He also testified that he leaves his home "every day," at least for a bit to visit family. (Tr. 50). The ALJ referenced this testimony in her decision. (Tr. 20).

arthropathy at L4-L5 and L5-S1 with no spinal canal stenosis; disc degenerative disease at L4-L5 and L5-S1; and bilateral sacroiliac joint arthropathy (right greater than left). (Tr. 18, 323-24). The ALJ also noted, however, that, despite Sabbota's complaints of severe pain and functional deficits, the record demonstrates largely normal findings. (Tr. 19 (citing Tr. 330 (normal range of motion, strength, and gait with no tenderness, swelling, or deformity), 511 (normal range of motion with no tenderness or edema)).[6] The ALJ also gave great weight to the opinion of consultative examiner Michael Geoghegan, D.O., who observed in September 2014 that Sabbota had no difficulty getting on and off the examination table, heel/toe walking, squatting, or hopping, and demonstrated full strength in his upper and lower extremities with intact sensation and normal reflexes. (Tr. 19, 317-20). Nevertheless, as a result of Sabbota's musculoskeletal conditions (and history of cardiac conditions), the ALJ restricted him to light work with significant additional postural and environmental limitations, as well as a sit/stand option, finding that he was "unable to sustain the lifting and carrying requirements of medium or heavier work[.]" (Tr. 19).

In sum, the ALJ formulated an RFC that accounted for Sabbota's credible mental and physical limitations, and sought and relied upon vocational expert testimony to determine what other work he is still capable of performing. (Tr. 21). Based upon its own thorough review of the record, the Court concludes that the ALJ's reasons, and her ultimate decision finding Sabbota not disabled, are all supported by substantial evidence of record. Therefore, the ALJ's decision should be affirmed, and the Court recommends dismissal of Sabbota's complaint with prejudice. *See Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent

---

[6] Sabbota testified that he lives on his own and is able to take care of himself and his home on his own. (Tr. 44, 48).

a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record") (internal citations omitted); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion") (internal citations omitted).

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Sabbota's complaint **(Doc. #1)** be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Dated: July 5, 2018       s/David R. Grand
Ann Arbor, Michigan      DAVID R. GRAND
     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 5, 2018.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager3